JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Michael J. McHugh

**DEFENDANTS**
Schindler Elevator Corporation, Caesars Entertainment Corporation, Caesars Entertainment, Inc., Caesars Atlantic City Hotel & Casino, John Does (1-5) and Jane Does (6-10)

(b) County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Middlesex
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, Email and Telephone Number)*
Robert P. Weiner, Esquire
Society Hill Office Park, Suite 4
1874 Route 70 East, Cherry Hill, NJ 08003 (856) 751-9702

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332

Brief description of cause:
Plaintiff was injured from a defective handrail in elevator in hotel.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 09/09/2015

SIGNATURE OF ATTORNEY OF RECORD
Robert P. Weiner, Esquire
*/s/ Robert P. Weiner/*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Michael J. McHugh<br>7030 Lynford Street<br>Philadelphia, PA 19149 | : <br> : <br> : <br> : | CIVIL ACTION – LAW |
| v. | : <br> : | |
| Schindler Elevator Corporation<br>20 Whippany Road<br>Morristown, NJ 07962 | : <br> : <br> : <br> : | |
| and | : <br> : | NO. |
| Caesars Entertainment Corporation<br>One Caesars Palace Drive<br>Las Vegas, NV 89109 | : <br> : <br> : <br> : | |
| and | : <br> : | |
| Caesars Entertainment, Inc.<br>3930 Howard Hughes Parkway<br>Las Vegas, NV 89109 | : <br> : <br> : <br> : | |
| and | : <br> : | |
| Caesars Atlantic City Hotel & Casino<br>2100 Pacific Avenue<br>Atlantic City, NJ 08401 | : <br> : <br> : <br> : | |
| and | : <br> : | |
| JOHN DOES 1-5, whose present identities are unknown | : <br> : <br> : | |
| and | : <br> : | |
| JANE DOES 6-10, whose present identities are unknown | : <br> : <br> : | |

## COMPLAINT

1.  Jurisdiction in this action is founded on diversity of citizenship and amount in controversy; as the Plaintiff, Michael J. McHugh, is a citizen of the State of Pennsylvania residing at 7030 Lynford Street, Philadelphia, PA 19149; Defendant, Schindler Elevator Corporation is a corporation in the State of New Jersey with a principal place of business at 20 Whippany Road, Morristown, NJ 07962; Defendant, Caesars Entertainment Corporation is a corporation in the State of Nevada, with a principal place of business at One Caesars Palace Drive, Las Vegas, NV 89109; Defendant, Caesars Entertainment, Inc. is a corporation in the State of Nevada, with a principal place of business at 39390 Howard Hughes Parkway, Las Vegas, NV; Defendant, Caesars Atlantic City Hotel & Casino is a corporation in the State of New Jersey, with a principal place of business at 2100 Pacific Avenue, Atlantic City, NJ 08401; and John Does 1-5 and Jane Does 6-10 (fictitious parties as retailers), Individually, Jointly, Severally or in the Alternative.  Accordingly, venue is properly placed in this Court pursuant to 28 U.S.C. Section 1391(a) and the amount in controversy exceeds, exclusive of interest and costs, the sum of Seventh-five Thousand ($75,000.00) Dollars.

2.  At all times herein relevant, the plaintiff, Michael J. McHugh is and was an adult individual residing at 7030 Lynford Street, Philadelphia, PA 19149.

3.  At all times relevant hereto, defendant, Schindler Elevator Corporation (Schindler) is and was a corporation incorporated in the State of New Jersey with a principal place of business located at 20 Whippany Road, Morristown, NJ 07962.

4.  At all times relevant hereto, defendant, Caesars Entertainment Corporation (Caesars), is and was a corporation incorporated in the State of Nevada with a principal place of business located at One Caesars Palace Drive, Las Vegas, NV 89109.

5. At all times relevant hereto, defendant, Caesars Entertainment Inc. (Caesars), is and was a corporation incorporated in the State of Nevada with a principal place of business located at 3930 Howard Hughes Parkway, Las Vegas, NV 89109.

6. At all times relevant hereto, defendant, Caesars Atlantic City Hotel & Casino, is and was a corporation incorporated the State of New Jersey with a principal place of business located at 2100 Pacific Avenue, Atlantic City, NJ 08401.

7. On the date and place aforesaid, the plaintiff, Michael J. McHugh, was a business invitee lawfully on the premises of Caesars Atlantic City Hotel & Casino (Caesars) when his right arm was injured as the result of a dangerous, defective and hazardous condition as hereinafter more fully set forth.

8. Plaintiff Michael J. McHugh was a registered guest at defendant's location Caesars Atlantic City Hotel & Casino when plaintiff entered an elevator traveling to the Casino floor. He put his right hand on the handrail. A portion of the handrail dislodged causing injury to his right arm, hereinafter more particularly set forth.

9. Plaintiff contends that the aforesaid accident and the resulting injuries and damages were caused solely by reason of the negligence and carelessness of the defendants, individually and collectively, as aforesaid, and without fault or negligence upon the part of the plaintiff causing or in any way contributing thereto.

10. On the date and place aforesaid, the premises were owned by, controlled, maintained, inspected, operated, managed and administered for risk management by the defendants Caesars and Schindler.

11. On the date and place aforesaid and at all times material hereto, there existed on the premises a dangerous, defective and hazardous condition of which the defendants knew of, or in the exercise of reasonable care should have known existed.

12. Plaintiff's injuries were caused by the negligence and carelessness of the defendants, as follows:

    a. Failing to maintain the premises in a safe and suitable condition for those persons reasonably expected to use such premises, including the Plaintiff;

    b. Failing to perform their legal obligations with respect to the elevator handrails;

    c. Permitting said handrails to become and remain in a dangerous, defective and hazardous condition;

    d. Failing to provide proper safe and clear access for persons allowed and invited to use the handrail, including the Plaintiff;

    e. Failing to properly inspect and maintain the handrail;

    f. Allowing and permitting a nuisance to exist in the elevator;

    g. Failing to exercise proper care;

    h. Failing to Plaintiff warning of the dangerous, defective and hazardous condition;

    i. Maintaining the handrail in a condition that was in violation of the applicable Municipal and State building codes;

    j. Failing to discover and eliminate the dangerous, defective and hazardous condition; and

    k. Failing to exercise and provide adequate risk management services.

13.     Solely as a result of the aforesaid carelessness and negligence of the defendants, plaintiff, Michael J. McHugh, sustained bodily injuries, including but not limited to subacute right ulnar mononeuropathy at or near the elbow; right median mononeuroopahty at or distal to the wrist, right elbow soreness, right hand soreness, post surgical scarring, and numbness, tingling and aching into the small finger; discomfort at the elbow. Plaintiff, Michael J. McHugh, suffers from post-traumatic stress symptom. Such injuries have caused him great pain and suffering and will continue to cause him great pain and suffering in the future; such injuries being of a permanent nature; and such injuries having prevented him and will continue to prevent him from attending to his usual occupation and duties.

14.     As a further result of the aforesaid carelessness and negligence of the defendants, plaintiff, Michael J. McHugh, has been and will be obliged to receive and undergo medical attention and care and to expend various sums of money and/or incur various expenses for the injuries he has suffered, and he may be obliged to continue to expend such sums or incur such expenditures for an indefinite time in the future, all to his financial detriment.

**WHEREFORE,** plaintiff, Michael J. McHugh, demands judgment against defendants, jointly and severally, plus interest and costs.

## COUNTY TWO

The Plaintiff, Michael J. McHugh, repeats, reiterates and incorporates by reference all of the allegations of Counts one through 14 as if same were set forth herein at length.

15.     The persons and/or entities are presently unknown to the Plaintiff and Plaintiff has joined John Does (1-5 Fictitious Name) and Jane Does (6-10 Fictitious Names) as Defendants herein.

16. On the date and place aforesaid, the Defendants John Does (1-5 Fictitious Name) and Jane Does (6-10 Fictitious Names) were negligent and careless as follows without fault or negligence upon the part of the plaintiff causing or in any way contributing thereto.

17. Plaintiff's injuries were caused by the negligence and carelessness of the defendants, as follows:

    a. Failing to maintain the premises in a safe and suitable condition for those persons reasonably expected to use such premises, including the Plaintiff;

    b. Failing to perform their legal obligations with respect to the elevator handrails;

    c. Permitting said handrails to become and remain in a dangerous, defective and hazardous condition;

    d. Failing to provide proper safe and clear access for persons allowed and invited to use the handrail, including the Plaintiff;

    e. Failing to properly inspect and maintain the handrail;

    f. Allowing and permitting a nuisance to exist in the elevator;

    g. Failing to exercise proper care;

    h. Failing to Plaintiff warning of the dangerous, defective and hazardous condition;

    i. Maintaining the handrail in a condition that was in violation of the applicable Municipal and State building codes;

    j. Failing to discover and eliminate the dangerous, defective and hazardous condition; and

    k. Failing to exercise and provide adequate risk management services.

18.     Solely as a result of the aforesaid carelessness and negligence of the defendants, plaintiff, Michael J. McHugh, sustained bodily injuries or aggravation of pre-existing injuries, including but not limited to subacute right ulnar mononeuropathy at or near the elbow; right median mononeuroopahty at or distal to the wrist, right elbow soreness, right hand soreness and numbness and tingling and aching into the small finger; discomfort at the elbow. Plaintiff, Michael J. McHugh, suffers from post-traumatic stress symptom. Such injuries have caused him great pain and suffering and will continue to cause him great pain and suffering in the future; such injuries being of a permanent nature; and such injuries having prevented him and will continue to prevent him from attending to his usual occupation and duties.

19.     As a further result of the aforesaid carelessness and negligence of the defendants, plaintiff, Michael J. McHugh, has been and will be obliged to receive and undergo medical attention and care and to expend various sums of money and/or incur various expenses for the injuries he has suffered, and he may be obliged to continue to expend such sums or incur such expenditures for an indefinite time in the future, all to his financial detriment.

**WHEREFORE,** plaintiff, Michael J. McHugh, demands judgment against defendants, jointly and severally, plus interest and costs.

Dated: September 9, 2015

_____
ROBERT P. WEINER, ESQUIRE
Identification No: 02091976
Attorney for Plaintiff
Society Hill Office Park, Suite 4
1874 Route 70 East
Cherry Hill, New Jersey 08003
(856) 751-9702
Rweineresq1@verizon.net

I certify pursuant to L. Civ.R. 11.2 that the matter in controversy is not the subject of any other action pending in any other Court.

Dated: September 9, 2015

_____
ROBERT P. WEINER, ESQUIRE
Identification No: 02091976
Attorney for Plaintiff
Society Hill Office Park, Suite 4
1874 Route 70 East
Cherry Hill, New Jersey 08003
(856) 751-9702
Rweineresq1@verizon.net

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: September 9, 2015

_____
ROBERT P. WEINER, ESQUIRE
Identification No: 02091976
Attorney for Plaintiff
Society Hill Office Park, Suite 4
1874 Route 70 East
Cherry Hill, New Jersey 08003
(856) 751-9702
Rweineresq1@verizon.net

## TRIAL COUNSEL DESIGNATION

Robert P. Weiner, Esquire is hereby designated as trial counsel for this matter.

Dated: September 9, 2015

_____
ROBERT P. WEINER, ESQUIRE
Identification No: 02091976
Attorney for Plaintiff
Society Hill Office Park, Suite 4
1874 Route 70 East
Cherry Hill, New Jersey 08003
(856) 751-9702
Rweineresq1@verizon.net